IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN WARWICK, on behalf of
himself and others similarly
situated,

               Plaintiff,

     v.

SCHNEIDER NATIONAL, INC. and
SCHNEIDER FINANCE, INC.,

               Defendants.

Case No. 20 C 1995

Judge Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Defendants move to transfer this case to the United States District Court for the Eastern District of Wisconsin, Green Bay Division pursuant to 28 U.S.C. § 1404(a) (Dkt. No. 25). For the reasons stated herein, the Court grants the motion. Accordingly, the Court denies Defendants' partial motion to dismiss (Dkt. No. 26) as moot.

## I. BACKGROUND

Defendant Schneider National, Inc. ("Schneider National") is the publicly traded parent company of Defendant Schneider Finance, Inc. ("Schneider Finance") and non-party Schneider National Carriers, Inc. ("Schneider Carriers"). (Becker Decl. ¶¶ 2 & 4, Dkt. No. 25-2.) These companies are all headquartered in and conduct business from Green Bay, Wisconsin. (*Id.*) Plaintiff John

Warwick ("Warwick"), an Illinois resident, worked as an "owner operator" driver for Schneider Carriers. (*Id.* ¶¶ 11–12; *see generally* 2015 Agreement, Becker Decl., Ex. A, Dkt. No. 25-2.) Warwick signed two independent contractor operating agreements ("ICOAs") with non-party Schneider Carriers—the first on December 1, 2014 and the second on August 29, 2015. (*See* 2015 Agreement; 2014 Agreement, Becker Supp. Decl., Ex. A, Dkt. No. 31-1.) These agreements classify Warwick as an independent contractor. Warwick alleges that he was an employee, not an independent contractor.

On March 26, 2020, Warwick filed this putative class action against Schneider Finance and Schneider National, alleging violations of the Illinois Wage Payment and Collection Act ("IWPCA"). On July 31, 2020, Schneider Finance and Schneider National filed a motion to transfer to the United States District Court for the Eastern District of Wisconsin, Green Bay Division.

## II.  LEGAL STANDARD

28 U.S.C. § 1404 allows a district court to transfer a case for the convenience of the parties. 28 U.S.C. § 1404(a). Generally, the analysis under this provision includes two parts. "First, an adequate alternative forum must be available to hear the case." *Ayyash v. Horizon Freight Sys., Inc.*, No. 15-CV-10296, 2018 WL 5994755, at *2 (N.D. Ill. Nov. 15, 2018). If this first part is

met, the Court then weighs the private interests of the litigants with the public interests of the forum to determine whether a transfer would serve the convenience of the parties and witnesses and otherwise promote the interest of justice. *Kamel v. Hill-Rom Co., Inc.*, 108 F.3d 799, 802 (7th Cir. 1997). "The private interest factors include the relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling witnesses, the cost of obtaining such attendance, the possibility of viewing relevant premises, and 'all other practical problems that make a trial easy, expeditious and inexpensive.'" *Ayyash*, 2018 WL 5994755, at *2 *(citing Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 62 n.6 (2013)). Public interest factors include "the administrative difficulties flowing from court congestion, local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Atl. Marine*, 571 U.S. 62 n.6. Courts also give some weight to the plaintiff's choice of forum. *Id.*

This analysis changes, however, when the agreement contains a valid forum selection clause. A forum selection clause "may be enforced through a motion to transfer under § 1404(a)." *Id.* at 59. If a valid forum selection clause governs the dispute, the clause "[should be] given controlling weight in all but the most

exceptional cases," "plaintiff's choice of forum merits no weight," and the court "should not consider arguments about the parties' private interests." *Id.* at 63-64. "[T]he plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted" and "forum-selection clauses should control except in unusual cases." *Id.* Consequently, with a valid and applicable forum selection clause, "a district court may consider arguments about public-interest factors only." *Id.* at 64.

### III.  DISCUSSION

As an initial matter, the Court must determine whether Schneider National can enforce the forum selection clause from a contract between non-party Schneider Carriers and Warwick in this lawsuit. In the Seventh Circuit, "when a subsidiary is a party to a contract that contains a forum selection clause and the other party to the contract sues the parent under the contract" the parent company can enforce the forum selection clause. *Adams v. Raintree Vacation Exch., LLC*, 702 F.3d 436, 440 (7th Cir. 2012); *see id.* ("The parent should be allowed to invoke the clause and thus insist that the suit be litigated in the same court in which, pursuant to the clause, its subsidiary is being sued."); *J.P. Morgan Chase Bank, N.A. v. McDonald*, 760 F.3d 646, 652 (7th Cir. 2014) ("A forum selection clause with a company would be worth little if it could be avoided by merely pursuing the company's

- 4 -

affiliate or its employees as individuals."). Schneider National is the parent company to Schneider Carriers and Schneider Finance. (Becker Decl. ¶¶ 2 & 4.) Thus, Schneider National can use the contract between Warwick and Schneider Carriers to enforce the forum selection clause in this case.

Warwick challenges the forum selection clause's applicability to his claims and the forum selection clause's validity under Illinois law. For the reasons stated below, both challenges fail.

### A. Applicability of Forum Selection Clause

Warwick argues the forum selection clause in the 2015 Agreement does not cover his claims because the "lion's share" arise from conduct that occurred before August 2015. (Resp. at 10, Dkt. No. 28.) Essentially, Warwick claims that because the forum selection clause does not apply to any conduct before August 2015 and is not retroactive, it cannot apply here. The relevant paragraph of the 2015 Agreement provides:

> **Governing Law.** This Agreement will be governed by, and will be construed and enforced in accordance with, the substantive laws of the State of Wisconsin, without regard to principles of conflicts of laws, as applied to contracts entered into and to be performed entirely within that state by its residents (the "State Laws") and any applicable laws; provided, however, as set forth in the arbitration agreement provisions of this Agreement ("AAPs") set forth below, that the AAPs will be governed exclusively by the Federal Arbitration Act, subject to the waivers and limitations thereof set forth in the AAPs. ***Any dispute not subject to mandatory final and binding arbitration under the AAPs will be heard and decided only in the state or federal courts venued in***

> ***Green Bay, Wisconsin, and Carrier and Independent Contractor hereby consent to the exclusive jurisdiction and venue of such courts for resolving any such disputes that are not arbitrable under those provisions.***

(2015 Agreement ¶ 34(a) (emphasis added).)

Warwick's argument that the forum selection clause does not apply to the "lion's share" of his claims concedes that the forum selection clause applies to some portion of his claims. Indeed, Warwick's claims are predicated on the existence of an agreement with Schneider Carriers. (*See* Compl. ¶¶ 6 & 40 ("Defendants control the performance of Drivers' work both under the contract of service with Defendants and in fact"); *id.* ¶ 55 (proposing class include "[a]ll over-the-road truck drivers who have executed 'owner operator' agreements . . .").) *See also Enger v. Chi. Carriage Cab Corp.*, 812 F.3d 565, 570 (7th Cir. 2016) ("IWPCA provides no substantive relief beyond what the underlying contract requires."). This concession alone shows the applicability of the forum selection clause. There are several other reasons, however, to reject Warwick's applicability argument.

First, the forum selection clause language does not limit coverage temporally, to the agreement, or otherwise. Warwick claims that the 2015 Agreement "explicitly limits the scope" of the forum selection clause because the paragraph containing the forum selection provision begins with the words: "This Agreement." (Resp. at 12.) This argument ignores the structure of the

paragraph's two distinct provisions—the choice of law provision in the first sentence and the forum selection clause in the second sentence. The forum selection clause provides that "any dispute" between the parties not subject to arbitration must be litigated in Green Bay, Wisconsin. (*See* 2015 Agreement ¶ 34(a).) It is not limited to the 2015 Agreement. In fact, the use of "any dispute" implies the opposite of a limitation. *See Freund v. UBS Fin. Servs., Inc.*, 141 F. Supp. 3d 797, 806–07 (N.D. Ill. 2015) (holding arbitration provision applying to "any dispute, claim or controversy that may arise" between the parties can be applied to disputes based on conduct before the execution of the agreement because the clause "is not limited to disputes arising out of a particular agreement or out of Plaintiff's employment with [a new company]."); *Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 267 (4th Cir. 2011) (holding arbitration provision language stating that "[a]ny dispute shall be submitted to binding arbitration" is "broad enough to encompass *all* agreements and *any* disputes, past and present . . ."); *Trujillo v. Gomez*, 2015 WL 1757870, at *8 (S.D. Cal. Apr. 17, 2015) ("The clause does not include any temporal limitations and is not limited to claims arising under the Agreement itself. Courts have rejected arguments that similarly-worded arbitration clauses do not encompass claims because the claims are based on events pre-dating the agreements containing

the arbitration clauses.") Thus, the 2015 Agreement's forum selection clause includes prior conduct.

Warwick next argues that "[b]inding Seventh Circuit authority holds that analogous provisions—arbitration clauses—must contain explicit language of retroactive application" to apply to prior conduct. (Resp. at 11-12.) Thus, Warwick argues, the forum selection clause must include express language of retroactivity to apply here. But Seventh Circuit precedent does not require an arbitration provision contain explicit retroactivity language to apply to conduct that happened before an agreement's execution. Rather, the Seventh Circuit applies state law to interpret and enforce contract provisions like arbitration or forum selection clauses. *Hanover Ins. Co. v. N. Bldg. Co.*, 751 F.3d 788, 792 (7th Cir. 2014).

Here, the potentially applicable law is either that of Illinois or Wisconsin. The parties dispute which state's law applies. But a court has the same objective when faced with a contract dispute in either state—to ascertain the true intentions of the parties from the contractual language and give effect to that intent. *First Bank & Tr. v. Firstar Info. Servs., Corp.*, 276 F.3d 317, 322 (7th Cir. 2001) (citing *State ex rel. Journal/Sentinel, Inc. v. Pleva*, 456 N.W.2d 359, 362 (Wis. 1990)); *Gore v. Alltel Commc'ns, LLC*, 666 F.3d 1027, 1033 (7th Cir. 2012)

(citing *Carey v. Richard Bldg. Supply Co.*, 856 N.E.2d 24, 27 (Ill. App. Ct. 2006)). This means that a party should not be required to submit to arbitration, or to a forum, that he has not agreed so to submit. *Gore*, 666 F.3d at 1032. This also explains why the parties included language to explicitly address retroactive application of the 2015 Agreement's arbitration provision but not of the forum selection provision. (*Compare* 2015 Agreement ¶ 34(b)(3), *with* 2015 Agreement ¶ 34(a).) The parties had never agreed to arbitrate before. But they had previously agreed to a forum selection clause. Regardless, there is no blanket rule for explicit retroactivity language in the Seventh Circuit. A court is instead required to apply state law, determine the parties' intent, and enforce those intentions.

The parties intended the forum selection clause to apply to prior conduct not subject to arbitration, and Warwick admits that his claims are not subject to arbitration. The 2015 Agreement's forum selection clause unambiguously provides that "any dispute" between the parties not subject to arbitration must be litigated in Green Bay, Wisconsin. (*See* 2015 Agreement ¶ 34(a).) Broadly worded phrases like "any dispute" evince an intent for expansive coverage. *See Pierson v. Dean, Witter, Reynolds, Inc.*, 742 F.2d 334, 338 (7th Cir. 1984) (finding certain claims "not immune from arbitration under a broadly-worded valid arbitration clause"). The

- 9 -

Seventh Circuit enforces valid broadly worded provisions pursuant to applicable state law. *See, e.g.*, *In re Oil Spill by Amoco Cadiz Off Coast of France Mar. 16, 1978*, 659 F.2d 789, 791 & 795 (7th Cir. 1981) (finding arbitration provision stating "any difference arising out of this Agreement or the operations thereunder shall be referred to arbitration" covered tort claims arising before the date the parties signed the agreement); *Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l, Ltd.*, 1 F.3d 639, 641 & 643 (7th Cir. 1993) (finding arbitration provision stating "[a]ny disputes arising out of the agreement shall be settled and determined by the [AAA]" evinced "an intent to commit to arbitration any dispute connected with the contract irrespective of when it occurs"); *see also Freund,* 141 F. Supp. 3d at 806 (finding "the absence of a hard and fast rule in the Seventh Circuit prohibiting an arbitration agreement from covering disputes that arose before the agreement was signed"). Thus, if the Court finds the provision to be valid, it should enforce it.

Apart from the above analysis, it would be fair to enforce the forum selection clause because Warwick was already on notice and obligated to litigate in Wisconsin under his prior December 2014 Agreement with Schneider Carriers. The relevant provision from that agreement reads:

> **Governing Law and Choice of Forum.** This Agreement shall
> be governed by the laws of the United States and the

State of Wisconsin, without regard to the choice-of-law rules of that State or any other jurisdiction. **THE PARTIES FURTHER AGREE THAT ANY CLAIM OR DISPUTE ARISING FROM OR IN CONNECTION WITH THIS AGREEMENT OR OTHERWISE WITH RESPECT TO THE OVERALL RELATIONSHIP BETWEEN THE PARTIES, WHETHER UNDER FEDERAL, STATE, LOCAL, OR FOREIGN LAW (INCLUDING BUT NOT LIMITED TO 49 C.F.R. PART 376), SHALL BE BROUGH EXCLUSIVELY IN STATE OR FEDERAL COURTS SERVING GREEN BAY, WISCONSIN. CARRIER AND INDEPENDENT CONTRACTORS HEREBY CONSENT TO THE JURISDICTION OF THESE COURTS.**

(2014 Agreement ¶ 34.) This clause is even broader than the forum selection clause at issue in this motion. *See Abbott Labs. v. Takeda Pharm. Co.*, 476 F.3d 421, 422 & 424 (7th Cir. 2007) (holding forum selection clause applying to disputes "arising from, concerning or in any way related to this Agreement" is "about as broadly worded as could be imagined"). And, perhaps most important, the obligations of this paragraph survive termination of the 2014 Agreement and were incorporated into the 2015 Agreement. (2015 Agreement ¶ 36 (explaining that the 2015 Agreement "fully replaces, supersedes and terminates" all prior agreements and ICOAs "other than with respect to unsatisfied liabilities or obligations of a party which accrued prior to the termination of the Prior ICOA").) *See Advent Elecs., Inc. v. Samsung Semiconductor, Inc.*, 709 F. Supp. 843, 846 (N.D. Ill. 1989) ("In the absence of contractual language expressly or implicitly indicating the contrary, a forum selection clause survives termination of the contract. Termination of a contract does not

divest parties of rights and duties already accrued."); *Monco v. Zoltek Corp.*, No. 17 C 6882, 2019 WL 952138, at *4 (N.D. Ill. Feb. 27, 2019) (noting "that generally, a forum selection clause can survive the termination of an agreement for purposes of establishing jurisdiction"); *Brady v. Sperian Energy Corp.*, No. 18 C 6968, 2019 WL 2141968, at *3 (N.D. Ill. May 16, 2019) (holding "the forum selection clause applies to [p]laintiffs' claims even if the Agreement expired before [defendant] completed its allegedly tortious conduct"); 13 Corbin on Contracts § 67.2 (rev. ed. 2018) ("[N]either termination nor cancellation [of a contract] affect those terms that relate to the settlement of disputes or choice of law or forum selection clauses."); *see also Andermann v. Sprint Spectrum LP*, 785 F.3d 1157, 1158 (7th Cir. 2015) (reversing district court's holding that "since [defendant's] contract with [plaintiff] terminated before the phone calls that are the basis of this lawsuit, the dispute over the legality of the calls could not have arisen from or related to the contract" and finding that "[a]ctually there's an intimate relation" to enforce arbitration provision). Therefore, this motion should come as no surprise to Warwick.

## B.  Validity of the Forum Selection Clause

Next, Warwick argues that, even if his claims fall within the scope of the forum selection clause, it is invalid and

unenforceable. To determine the validity of a forum selection clause, a court looks to the law that governs the dispute pursuant to the choice of law provision. *See IFC Credit Corp. v. United Bus. & Indus. Fed. Credit Union*, 512 F.3d 989, 991 (7th Cir. 2008) ("[T]he validity of a forum selection clause depends on the law of the jurisdiction whose rules will govern the rest of the dispute."). As previously discussed, the parties disagree on what law governs this dispute.

Defendants refer to the 2015 Agreement's choice of law provision, arguing that Wisconsin law applies. In response, Warwick argues that Illinois law applies because his "claims are statutory claims that do not involve construction of the contract, and indeed accrued before the contract even came into existence. Nor is [Warwick] seeking to enforce the contract." (Resp. at 15.) While not discussed by the parties, a third option would be federal common law. *See Kelley v. MailFinance, Inc.*, 436 F. Supp. 3d 1136, 1143 (N.D. Ill. Jan. 29, 2020) ("In a diversity action, questions on enforcing forum-selection clauses are governed by federal law.") Though the Court doubts Warwick's position, it need not decide what law applies because the forum selection clause is valid regardless of whether federal, Illinois, or Wisconsin law applies. *See Ayyash*, 2018 WL 5994755, at *3.

"Under federal law, a forum-selection clause is presumed to be valid—to overcome this presumption, the opposing party must show that the clause is 'unreasonable under the circumstances.'" *Id.* (citing *Bonny v. Society of Lloyd's*, 3 F.3d 156, 160 (7th Cir. 1993).) Courts interpret this exception narrowly. *Ayyash*, 2018 WL 5994755, at *3. Courts will find a clause unreasonable if its incorporation "was the result of fraud, undue influence, or overwhelming bargaining power, if the selected forum is so gravely inconvenient that the opposing party will be deprived of its day in court, or if enforcement of the clause contravenes a strong public policy of the forum." *Id.*

The analysis is similar under Illinois law. Forum selection clauses "are presumptively valid and should be enforced unless the opposing party shows that enforcement would be unreasonable under the circumstances." *Id.* at *4 (citing *Calanca v. D & S Mfg. Co.*, 510 N.E.2d 21, 23 (Ill. App. Ct. 1987)). An unenforceable forum selection clause "must contravene the strong public policy of the forum, or the chosen forum must be seriously inconvenient for the trial of the case." *Ayyash*, 2018 WL 5994755, at *4. Illinois courts consider several factors to determine whether a forum selection is unreasonable, including "(1) the law governing the formation and construction of the contract; (2) the residency of the parties; (3) the place of execution and performance of the contract; (4)

the location of the parties and witnesses; (5) the inconvenience to the parties of any particular location; and (6) whether the clause was equally bargained for. *Id.*

Wisconsin also has a "strong presumption favoring venue in the forum specified in the [forum selection] clause." *Israeli v. Dott. Gallina S.R.L.*, 632 F. Supp. 2d 866, 869 (W.D. Wis. 2009) (quotations and citations omitted). Wisconsin courts will enforce forum selection clauses "unless enforcement is shown to be unreasonable under the circumstances." *Arion, LLC v. LMLC Holdings, Inc.*, No. 18 C 5904, 2018 WL 6590533, at *3 (N.D. Ill. Dec. 14, 2018) (quotations and citations omitted). This means that a forum selection clause "will be enforced unless there is a quantum of procedural unconscionability plus a quantum of substantive unconscionability." *Warner v. St. John's Nw. Military Acad. Inc.*, No. 18-CV-730-JPS, 2019 WL 403718, at *4 (E.D. Wis. Jan. 31, 2019) (quotations and citations omitted).

Warwick challenges the validity of the forum selection and choice of law provisions under Illinois law only. He argues these provisions contravene Illinois public policy. Specifically, Warwick states these provisions force him to "retroactively waive his Illinois state law claims—thereby resulting in their elimination—and undermining the Illinois forum's interest in applying Illinois [law] to protect workers." (Resp. at 16.) Warwick

anchors this argument on the fact that Wisconsin has no law provisioning the same or similar rights and remedies as Illinois does via the IWPCA. The truck driver plaintiff in *Ayyash v. Horizon Freight System, Inc.*, advanced a similar argument, and that court's reasoning is helpful here. 2018 WL 5994755, at *4.

Ayyash argued that a choice of law provision in his agreement with the defendant violated Illinois public policy "because the clause essentially waives [his] rights under the IWPCA." *Id.* According to Ayyash's analysis, the agreement's forum selection clause was also unenforceable because it was "part of the same non-severable contract as the allegedly unenforceable choice of law clause." *Id.* Ultimately, the *Ayyash* court found the choice of law provision did not violate public policy because neither the choice of law provision nor the forum selection clause included an express waiver of rights. *Id.* at *5. This meant that the choice of law and forum selection provisions did not violate public policy.

To support its finding, the *Ayyash* court cited cases involving the IWPCA that upheld somewhat similar choice of law provisions. *Id.* (citing *Cornell v. BP Am. Inc.*, No. 14 C 2123, 2015 WL 5766931, at *4 (N.D. Ill. Sept. 30, 2015) & *Lubinski v. Hub Grp. Trucking, Inc.*, No. 214CV02843JPMDKV, 2015 WL 10732716, at *3 (W.D. Tenn. Sept. 22, 2015)). The *Ayyash* court also cited authority from the Illinois Department of Labor indicating that it views choice of

- 16 -

law provisions designating non-Illinois law as enforceable. *Id.* (citing *Wage Payment and Collection Act FAQ,* Illinois Dep't of Labor, https://www.illinois/gov/idol/FAQs/Pages/wage-payment-faq.aspx (last visited Sept. 25, 2020)). The Court agrees with this reasoning and result and applies it to Warwick's forum selection and choice of law challenge.

The choice of law and forum selection provisions do not violate public policy. The choice of law provision is not a waiver of rights but a "selection of governing rights." *Lubinski v. Hub Grp. Trucking, Inc.*, 690 Fed. App'x 377, 379 (6th Cir. 2016). And selecting "governing rights is different than waiving all rights." *Id.* The same is true for the forum selection clause—selecting a forum is not equivalent to waiving rights. Warwick's cited cases are inapposite and do not change this result. *See Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00 C 5755, 2001 WL 1403007, *2-*8 (N.D. Ill. Nov. 9, 2001) (finding express waiver of the right to bring statutory claims under the Fair Labor Standards Act, Illinois Minimum Wage Law, and the IWPCA void and unenforceable); *Hamilton Mem'l Hosp. Dist. v. Toelle*, 12-cv-1004-JPG-PMF, 2014 WL 1362641, at *7 n.2 (S.D. Ill. Apr. 7, 2014) (declining to decide whether public policy permits an employee to waive provisions of the IWPCA); *O'Brien v. Encotech Constr. Servs., Inc.*, 183 F. Supp. 2d 1047, 1052 (N.D. Ill. 2002) (voiding express waivers of rights

in a settlement agreement). Therefore, Warwick's argument that the choice of law and forum selection provisions violate public policy must fail.

Warwick also opaquely signals that the agreement was the result of unequal bargaining power. (*See* Resp. at 5–6 ("Defendants' scheme pretends that drivers like Plaintiff, John Warwick, are sophisticated, independent businesses, when in fact they lack bargaining power and are dependent on Defendants for work." & "Defendants . . . attempt[ ] to eliminate [the claims] entirely through an overreaching interpretation of the forum selection clause buried in the agreement they had Plaintiff sign as a condition of employment.").) These singular statements imply that the forum selection clause is unenforceable on procedural unconscionability grounds. They are, however, undeveloped and unsupported. Therefore, the Court will not address them.

### C. Motion to Transfer Analysis

Having found the forum selection clause is valid, the Court proceeds with the analysis. *See Ayyash*, 2018 WL 5994755, at *6. If the United States District Court for the Eastern District of Wisconsin, Green Bay Division is an adequate alternative forum, then the Court weighs the public interest factors. *Atl. Marine*, 571 U.S. at 64. Warwick's new choice of forum carries no weight,

and the Court considers the private interests as weighing in favor of a transfer. *See id.* at 581–82; *Ayyash*, 2018 WL 5994755, at \*6.

To satisfy the adequate alternative step, a forum must be both available and adequate. *Fischer v. Magyar Allamvasutak Zrt.*, 777 F.3d 847, 867 (7th Cir. 2015). "An alternative forum is available if all parties are amenable to process and are within the forum's jurisdiction." *Id.* (quotations omitted). A forum is adequate if no parties will be treated unfairly or deprived of all remedies. *Id.* There is no dispute that the United States District Court for the Eastern District of Wisconsin, Green Bay Division is available. Nevertheless, Warwick's argument that a transfer would effectively eliminate his IWPCA claims implies that he finds the Eastern District of Wisconsin to be inadequate. The mere fact that the Eastern District of Wisconsin may apply "laws and remedies different or less favorable than those available in Illinois" is insufficient to deny enforcement of the forum selection clause. *Ayyash*, 2018 WL 5994755, at \*7. Warwick provides no evidence or argument to allow this Court to conclude that the Wisconsin court would treat him unfairly or deprive him of all remedies. Therefore, the Court finds that the Eastern District of Wisconsin is an adequate alternative.

On the second step, *Atlantic Marine* instructs the Court to review the public interest factors for transfer, noting that they

"will rarely defeat a transfer motion." 571 U.S. at 62. These factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; and (3) the interest in having the trial of a diversity case in a forum that is at home with the law. *Id.* at n.6. First, the Northern District of Illinois has a heavier workload than the Eastern District of Wisconsin. (Mot. at 17 n.10 (providing comparative statistics for the two forums).) This factor favors transfer. Second, Defendants are headquartered in Wisconsin, meaning there is a local interest in having this controversy decided in Wisconsin. Yet, Illinois also has an interest in resolving the dispute of one of its residents—even though Warwick's work as a national truck driver was not particularly localized to Illinois. This factor is neutral.

Third, Warwick's claims are based on Illinois statutes, but "courts are often called upon to decide substantive legal questions based upon another state's laws." *Arion*, 2018 WL 6590533, at *4 (citations and quotations omitted). Warwick's claims are also not "so unique as to be beyond the comprehension of a Wisconsin federal court." *Id.* (quotations and citations omitted). Further, the Agreement contains a Wisconsin choice of law provision. (*See* 2015 Agreement ¶ 34(a).) Even though the Court does not decide the choice of law issue, this fact weighs in favor of transfer. *See*

*Shakir Dev. & Const., LLC v. Flaherty & Collins Constr., Inc.*, No. 11 C 1116, 2011 WL 2470887, at *3 (N.D. Ill. June 21, 2011) (citing choice of law provision as a factor favoring transfer).

This analysis does not overcome the presumption favoring enforcement of the forum selection clause. There are no "extraordinary circumstances" requiring denial of the transfer. *Atl. Marine*, 571 U.S. at 62. Thus, the Court enforces the forum selection clause and transfers the case to the Eastern District of Wisconsin.

## IV.   CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to transfer to the United States District Court for the Eastern District of Wisconsin, Green Bay Division. (Dkt. No. 25.) Accordingly, the Court denies Defendants' partial motion to dismiss (Dkt. No. 26) as moot.

**IT IS SO ORDERED.**

_____
        Harry D. Leinenweber, Judge
        United States District Court

Dated: 10/5/2020